UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK R. MALLORY,

    Plaintiff,

v.

NOVASTAR MORTGAGE, INC.,
TOP FLIGHT FINANCIAL,
MIDWEST TITLE COMPANY,
PETER M. SCHNEIDERMAN AND
ASSOCIATES,  P.C.,
FIDELITY LAND TITLE AG,
KASPARNET, LLC., and
36TH DISTRICT COURT,

    Defendants.
_____/

CIVIL ACTION NO. 09-10866

DISTRICT JUDGE JOHN FEIKENS

MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendants' respective Motions to Dismiss the complaint seeking to set aside a home foreclosure should be GRANTED, pursuant to the Rooker-Feldman doctrine and res judicata.

\* \* \*

This matter originally came before the magistrate judge on Order of Reference for all pretrial matters.  Plaintiff, proceeding pro se, filed a complaint, on March 6, 2009, seeking to set aside a bank foreclosure of his single family residence in Detroit, Michigan. Plaintiff alleges that on July 22, 2005, he entered into a mortgage agreement with Mortgage Electronic Registration Systems, Inc. The mortgage was subsequently sold to Novastar Mortgage Inc. The mortgage loan was serviced by Top Flight Financial Servicing Company. After the loan went into default, Novastar retained the law firm of Defendant Schneiderman

and Associates, P.C., and commenced foreclosure proceedings. On October 12, 2006, Plaintiff's real estate was sold at a foreclosure sale conducted by the Wayne County Sheriff's Department.  A sheriff's deed was issued to Novastar and duly recorded. Following the expiration of Plaintiff's statutory six month mortgage redemption period, Novastar began eviction proceedings in the 36th District Court in Wayne County, Michigan. On May 7, 2007, the district court entered a Judgment for Possession, after a hearing, noting that there was "no triable issue of fact". An order of eviction was issued on May 29, 2007.

On May 16, 2007, Plaintiff filed a claim of appeal with the 3rd Judicial Circuit Court in Wayne County.  Plaintiff failed to file a brief.  The appeal was dismissed, and the decision of the 36th District Court was affirmed.  Novastar was awarded two thousand dollars in attorney fees.

Plaintiff then filed his Complaint in this case, alleging that Defendants obstructed justice and violated his federal due process rights in connection with the original mortgage. He also asserted pendent state law claims for common law fraud and breach of contract. He seeks to set aside the foreclosure.

Defendants Fidelity Land Title AG, Top Flight Financial, Peter Schneiderman and Associates, P.C., Novastar Mortgage, Inc., Saxon Mortgage Corporation and the 36th District Court filed separate Motions to Dismiss on March 27, March 30, March 31, April 6, April 7 and April 9, 2009 (Docket #8, #9, #11, #13, #14, #16), asserting that the instant Complaint should be dismissed pursuant to the Rooker-Feldman doctrine and res judicata. Defendants argue that the final judgment on the merits in Wayne County Circuit Court precludes Plaintiff from re-litigating any issues in federal court that were, or could have

been, raised in the earlier state action.  Plaintiff filed a response to Defendants' respective Motions to Dismiss on May 11, 2009, arguing to the contrary.

ANALYSIS AND DISCUSSION

In view of the extensive state court proceedings, I am persuaded that Plaintiff's federal case must be dismissed. Fed.R.Civ.P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

> The United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed. 2nd 206 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in this Court.")

Gabhart v. Cocke County, Tennessee, 155 Fed.Appx. 867 (6th Cir. 2005), 2005 WL 3196601 (quoting Feldman, 460 U.S. at 486).  The Rooker-Feldman abstention doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in a state court; only the United States Supreme Court has jurisdiction to correct state court judgments. Anderson v. Charter Township of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (citing Gottried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998).

A state court has dismissed with prejudice Plaintiff's earlier suit against these Defendants relating to the mortgage in issue here. An Order of this court interfering with

that judgment necessarily implies that the state court was wrong. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Pennzoil Co. v. Texeco, Inc., 481 U.S. 1, 25 (1987) (Marshal, J. concurring).

Even if Plaintiff's claims against Defendants were not withdrawn from this court's jurisdiction by the Rooker-Feldman Doctrine, they would be precluded by long established concepts of res judicata. A district court is empowered to raise res judicata sua sponte in the interest of promoting judicial economy. Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sioux Nation of Indians, 448 U.S. 371, 432 (1980).

28 U.S.C. §1738 provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. McDonald v. City of West Branch, Michigan, 466 U.S. 284 (1984). Thus, if an individual would be precluded from litigating an action in state court by traditional principles of res judicata, he is similarly precluded from litigating his suit in federal court. Gutierrez v. Lynch, 286 F.2d 1534 (6th Cir. 1987). It is well established that §1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985). Thus, if a state

court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception. Id.

The Michigan Supreme Court has adopted a "broad application" of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which plaintiffs could have brought but did not. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991). "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Eaton County Road Commission v. Schultz, 205 Mich.App. 371, 375 (1994). "This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376. I am satisfied that each of the elements is fully satisfied in this case as to Plaintiff's claims against Defendants.

It is readily apparent that Plaintiff's state court proceedings against Defendants and his claims in this action arise from the very same mortgage transaction. Plaintiff's due process, fraud and breach of contract claims are based upon statutory and common law obligations imposed in connection with the negotiation and execution of the same financial transactions. Any claim relating to the Plaintiff's grant of a mortgage on his real estate was necessarily ripe for adjudication at the time of the foreclosure of the mortgage in 2007.

Plaintiff could (and should) have raised his procedural due process claims against the Defendants in his earlier state court action. In view of the contractual privity between

the defendants in connection with his mortgage, they are entitled to the benefit of claim preclusion. Futura Devel. Corp. v. Centex Corp., 761 F.2d 33, 44 (1st Cir.), cert. denied 106 S.Ct. 147 (1985) (claim preclusion not defeated by adding as a defendant an attorney affiliated with the defendants in an earlier action.  Plaintiff cannot have it both ways, i.e. claim liability on the basis of defendants' relationship, while denying that they have sufficient identity of interest to benefit from the earlier judgment.)  The judicial disposition of his claim against the defendants on their Motion for Summary Disposition under MCR 2.116 constituted a final judgment on the merits for purposes of later invoking the doctrine of res judicata.  Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins., 223 Mich.App. 559 (1997).  I am satisfied that Plaintiff's failure to assert his due process claims against the defendants in his 2007 action in the Wayne Circuit Court would preclude their assertion in a subsequent state court action.  Accordingly, 28 U.S.C. §1738 requires this court to give the same preclusive effect to the Wayne Circuit Court judgment.  The Complaint should be dismissed as to all Defendants[1].

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Feiken's acceptance thereof is waived.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2009

---

[1] Even though Defendant Kasparnet, LLC., has not been served, and is therefore not properly before this Court, the complaint should be dismissed against it as well for the same reasons.

## CERTIFICATE OF SERVICE

I hereby certify on September 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 21, 2009: **Derrick R. Mallory.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
